EAST BATON ROUGE PARISH
Filed Apr 05, 2022 11:21 AM
Deputy Clerk of Court
E-File Received Apr 05, 2022 9:47 AM

C-717515
22

19th JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE,
STATE OF LOUISIANA

NO. **717515 DIV 22**　　　　　　　　　　　　　　　　　DIVISION _____

**ROBERT REMEDIES,**

VERSUS

**ADVANCED EMISSIONS SOLUTIONS, INC.;
ADA CARBON SOLUTIONS (RED RIVER), LLC; and
ABC INSURANCE COMPANY(S)**

CERTIFIED TRUE AND CORRECT COPY    MAY 11 2022

FILED: _____　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

## ORIGINAL PETITION

NOW INTO COURT through undersigned counsel comes ROBERT REMEDIES, (hereinafter "Plaintiff"), complaining of ADVANCED EMISSIONS SOLUTIONS, INC. and ABC INSURANCE COMPANY(S), and for cause of action would respectfully show the Court the following:

**I.**

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this controversy and jurisdiction over Defendants because Defendants had continuous and systematic contacts with the State of Louisiana.

2. Venue is proper in this Court pursuant to Article 42 of the Louisiana Code of Civil Procedure because, upon information and belief, at all times material to this Petition Defendant ADVANCED EMISSIONS SOLUTIONS, INC and ADA CARBON SOLUTIONS (RED RIVER), LLC was insured by ABC INSURANCE COMPANY(S), yet to be identified foreign insurance companies, for all damages claimed by Plaintiff.

**II.**

**PARTIES**

3. Plaintiff Robert Remedies is a person of full age and majority who resides in Louisiana.

4. Defendant Advanced Emissions Solutions, Inc. ("ADES") is a corporation that is incorporated under the laws of the State of Delaware and registered to do business in Louisiana.

The Court may exercise personal jurisdiction over ADES because it does a substantial amount of business in Louisiana. ADES' continuous and systematic contacts with Louisiana justify the exercise of general jurisdiction. The Court may exercise personal jurisdiction over ADES because ADES' contacts with Louisiana arising out of this incident justifies the Court also exercising specific jurisdiction. This defendant may be served through its registered agent, Universal Registered Agents, Inc. at 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

5. Defendant ADA Carbon Solutions (Red River), LLC ("Defendant ADA Carbon") is a corporation that is incorporated under the laws of the State of Delaware and registered to do business in Louisiana. The Court may exercise personal jurisdiction over Defendant ADA Carbon because it does a substantial amount of business in Louisiana. Defendant ADA Carbon's continuous and systematic contacts with Louisiana justify the exercise of general jurisdiction. The Court may exercise personal jurisdiction over this Defendant because its contacts with Louisiana arising out of this incident justifies the Court also exercising specific jurisdiction. This defendant may be served through its registered agent, Universal Registered Agents, Inc. at 3500 Highway 190, Suite 220, Mandeville, Louisiana 70471.

6. Defendant ABC INSURANCE COMPANY(S), upon information and belief, is a foreign insurance company that insured Defendants ADVANCED EMISSIONS SOLUTIONS, INC. through a policy of general liability insurance at all times material hereto and is liable jointly, severally, and *in solido* with Defendant ADVANCED EMISSIONS SOLUTIONS, INC. for Plaintiff's alleged damages. Plaintiff reserves the right to amend this pleading to substitute the proper name of the insurer(s) once its identity is learned.

### III.

### FACTS

7. This lawsuit is necessary because of personal injuries that Plaintiff sustained on or about April 22, 2021. At that time, Plaintiff was employed by Defendant ADA Carbon as an operator. At that time, Plaintiff was working at a at a power plant owned and operated by Defendant ADA Carbon. Defendant ADA Carbon and its employees, as well as the plant and all of its facilities were under the direct supervision and control of Defendant ADES. Plaintiffs job entails keeping the equipment running at the plant and operating at the direction of the plant supervisors and/or owners. Plaintiff was working in his capacity at the plant when a flash

2

fire occurred causing Plaintiff serious injuries. On the day of the incident, unbeknownst to Plaintiff, an essential piece of equipment that measures the quantity of carbon dioxide in a given room was sounding an alarm and indicating that there was a fire in the portion of the plant where the Dust Collector is present. Nonetheless, the ADA Defendant directed Mr. Remedies to enter the room without warning him of any potential danger of serious harm. Mr. Remedies entered the room where the influx of oxygen caused an explosion resulting in his serious injuries. Mr. Remedies was then life flighted to a near hospital.

8. At this time, Plaintiff cannot work because of his injuries.

## IV.

### CLAIMS

**A. Negligence, Gross Negligence, and Intentional Tort against Defendant ADA Carbon**

9. Plaintiff repeats and re-alleges each allegation contained above.

10. The proximate, contributing, and legal causes of Plaintiff's injuries include the negligence and gross negligence of Defendant ADA Carbon. Plaintiff is not at fault.

11. Defendant ADA Carbon was negligent and grossly negligent for the following non-exclusive reasons:

    a. Failure to warn Plaintiff of the dangerous condition of the work area;

    b. Failure to properly secure, inspect, and maintain equipment;

    c. Failure to perform proper maintenance and repair of the equipment;

    d. Failure to ensure the equipment was properly functional;

    e. Failure to comply with applicable rules and regulations;

    f. Failure to provide adequate training to its employees;

    g. Failure to provide a safe uniform and/or protective gear for Plaintiffs work environment; and

    h. Instructing Plaintiff to enter an area after having actual knowledge of the dangerous conditions inside the room in violation of OSHA regulations, including but not limited to 29 C.F.R. 1926 and 29 C.F.R. 1910, among others;

    i. Other general violations of OSHA regulations, including but not limited to 29 C.F.R. 1926 and 29 C.F.R. 1910, among others;

    j. Failing to recognize the entering of the room as a hazard in both the planning and actual operation stages;

    k. Unsafe work practices relating to allowing access to the rooms with active alarms;

    l. Unsafe work practices with allowing individuals inside the room where the dust collector is present when there is an active alarm;

    m. Unsafe work practices with regard to using safety precautions before allowing individuals inside rooms that are hazardous;

    n. Lack of safe and adequate materials and equipment for the safe cleaning of the Dust Collector;

    o. Unsafe design and configuration of the Dust Collector;

    p. Unsafe and/or and lack of safe managerial policies, procedures, and training relating to the cleaning of the dust collector to avoid such incidents;

    q. Unsafe and inadequate supervision, including but not limited to supervision by Defendants' managers, supervisors, and employees;

    r. Failure to provide adequate safety equipment;

    s. Failure to provide a safe working environment;

    t. Instructing and/or authorizing the Plaintiff to perform work in an unsafe manner;

    u. Failure to warn Plaintiffs of hidden dangers; and

    v. Other acts deemed negligent and grossly negligent.

  12. Defendants Additionally, and in the alternative, the incident sued hereupon was substantially certain to occur. The dangerous nature and manner of work being performed made it substantially certain that once Mr. Remedies would open the door, an explosion would occur causing him serious injuries. Further, the ADA Defendant—as the owners and/or operators of the Chalmette Refinery, whose agents personally inspected the premises and the carbon sensors—knew of the substantial dangers with sending the Plaintiff into the highly

4

dangerous room and knew that an incident of this sort was substantially certain to occur yet proceeded, nevertheless.

13. The ADA Defendant owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were the proximate, contributing, and legal cause of Plaintiff's injuries. As a result of the ADA Defendant's negligence, gross negligence, and/or intentional torts, Plaintiff has suffered severe physical, emotional, and psychological injuries.

## V.

### AGENCY

14. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant ADES, by way of Defendant ADA Carbon, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant ADES.

15. Therefore, Defendant ADES is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

16. As a result of Defendant's negligent and grossly negligent conduct, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries. Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## VI.

### PRAYER FOR RELIEF

17. Specifically, as a direct and proximate result of Defendants' conduct, Plaintiff suffered severe and permanent injuries, including but not limited to, physical pain, mental anguish, and other harm, which have caused and will cause Plaintiff residual disability, past and future disfigurement, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, past lost earnings, future loss of earning capacity, and past and future physical impairment. Plaintiff has been damaged in a sum far more than the minimum jurisdictional limits of this Honorable Court, for which he now sues.

18. WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer this Petition and that after due proceedings be had, that there be relief and judgment entered herein as follows:

   a. Compensatory damages against Defendants;
   b. Actual damages;
   c. Consequential damages;
   d. Pain and suffering;
   e. Exemplary damages;
   f. Past and future mental anguish;
   g. Past and future impairment;
   h. Past and future disfigurement;
   i. Past and future economic loss;
   j. Interest on damages (pre- and post-judgment) in accordance with the law;
   k. Costs of Court;
   l. Expert witness fees;
   m. Costs of copies of depositions; and
   n. Such other and further relief as the Court may deem just and proper.

## VI.

### RESERVATION OF RIGHTS

19. Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery and as his investigation continues.

## VII.

### JURY TRIAL DEMAND

20. Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

ARNOLD & ITKIN LLP

Roland Christensen, Roll #37440
rchristensen@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEY FOR PLAINTIFF**

7

**PLEASE SERVE**

**ADA CARBON SOLUTIONS (Red River), LLC**
*Through its registered agent:*
Universal Registered Agents, Inc.,
3500 Highway 190, Suite 220
Mandeville, Louisiana 70471

**And**

**Advanced Emissions Solution, Inc.**
*through its registered agent:*
Universal Registered Agents, Inc.,
36 South 18th Avenue, Suite D
Brighton, Colorado 80601

8

**RETURN COPY**



D8780132

# CITATION

**ROBERT REMEDIES**
(Plaintiff)

VS

**ADVANCED EMISSIONS SOLUTIONS, INC., ET AL**
(Defendant)

NUMBER C-717515  "22"

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   ADA CARBON SOLUTIONS (RED RIVER), LLC
THROUGH ITS REGISTERED AGENT
3500 HIGHWAY 190 SUITE 220
MANDEVILLE, LA 70471

GREETINGS:

Attached to this citation is a certified copy of a petition or other legal pleading that has been filed with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was requested by the filing party. Please read the petition for information concerning any claims that may have been asserted against you.

Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard, Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:
3. **21 DAYS** of the date you were served with the petition; **OR**
4. **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If no discovery request was included with your petition, you must instead adhere to the 21-day deadline above.)

If you fail to file an answer or other legal pleading, a default judgment may be rendered against you. Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of Court. This citation was issued by the Clerk of Court for East Baton Rouge Parish on **APRIL 6, 2022**.



*Farlisha Mitchell*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: CHRISTENSEN, ROLAND T
*The following documents are attached:

**PETITION FOR DAMAGES**

**SERVICE INFORMATION:**

Received on the ____ day of ____ 20__ ____ 20__ served on the above named party as follows:

PI   (17)717515 - C/P - SN #1       INT: ____
DC   Served - Personal on
     Universal Registered Agents, Inc. On Behalf Of ADA Car
     3500 HIGHWAY 190, Suite 220, MANDEVILLE
SE   Return Date & Time: 04/14/2022 10:20AM
DU   Served through Michelle Ballinger (agent)
leg
     1822 - Brittany Haulard, Deputy Sheriff
RE

by leaving the same at his domicile in this parish in the hands of nicile at _____

hin named _____ or his domicile, or anyone

2022 APR 14 P 12: 10
RANDY SMITH SHERIFF
RECEIVED
STPSO CIVIL

SEI
MII
TO:  CERTIFIED TRUE AND
     CORRECT COPY

     MAY 11 2022

     *[signature]*
     East Baton Rouge Parish
     Deputy Clerk of Court

CITATION-2000

**PRE-PAID**
499850  4/12/22