UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT REMEDIES** | **CIVIL ACTION** |
| **VERSUS** | |
| **ADA CARBON SOLUTIONS (RED RIVER), LLC, ET AL.** | **NO. 22-00309-BAJ-SDJ** |

## RULING AND ORDER

Plaintiff is a former employee of Defendant ADA Carbon Solutions (Red River), LLC ("ADA Red River"). On April 22, 2021, Plaintiff was working as an equipment "operator" at ADA Red River's facility near Coushatta, Louisiana, when he was caught in a "flash fire" and suffered injuries requiring him to be "life flighted to a near [sic] hospital." (Doc. 1-2 at ¶ 7). Plaintiff contends that the blaze erupted as a result of ADA Red River's negligence. (*Id.* at ¶¶ 7-13).

Most relevant here, Plaintiff alleges that at the time of the fire, ADA Red River "and its employees, as well as the plant and all of its facilities were under the direct supervision and control of" Defendant Advanced Emissions Solutions, Inc. ("AES"). (*Id.*). Plaintiff further alleges that, as a result of this "agency relationship" between ADA Red River (as agent) and AES (as principal), any liability attributable to ADA Red River is also attributable to AES. (*Id.* at ¶¶ 14-15).

Now AES moves to dismiss Plaintiff's claims, arguing solely that Plaintiff has failed to allege a plausible agency relationship between ADA Red River and AES. (*See* Doc. 12-1). Plaintiff opposes AES's motion. (Doc. 15).

It hardly bears repeating that, to survive dismissal at the pleadings stage, the

complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and that when conducting its inquiry, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). Here, Plaintiff's claims against AES pass the bar. As AES *concedes*, a plausible agency relationship is established where the petition sets forth "specific factual allegations indicating that the principal exercised a certain level of control over the agent." (Doc. 12-1 at pp. 3-4). Here, Plaintiff specifically and unequivocally alleges that when the fire occurred, ADA Red River was "under the direct supervision and control of" AES. (Doc. 1-2 at ¶ 7). No more is required to defeat AES's Motion. *See Cartinez v. Reliable Amusement Co.*, 99-333 (La. App. 3 Cir. 11/3/99), 746 So. 2d 246, 250 ("An agent is one who acts for or in place of another by authority from the latter." (citing authorities), *writ denied,* 1999-3404 (La. 2/4/00), 754 So. 2d 23.

AES may disagree with Plaintiff's characterization of its relationship with ADA Red River, and ultimately the evidence may show that ADA Red River is *not* AES's agent, but the Court is not concerned with evidence at this stage. Rather, at Rule 12, the Court's inquiry is cabined by the well-pleaded allegations, and here Plaintiff unambiguously *alleges* that AES directly supervised and controlled ADA Red River. (Doc. 1-2 at ¶ 7). The extent of the alleged "agency relationship" between ADA Red River and AES (if any) and the degree to which AES is responsible for ADA

2

Red River's alleged negligence (if at all) are issues of fact properly sorted out through discovery.

Accordingly,

**IT IS ORDERED** that AES's **12(b)(6) Motion To Dismiss (Doc. 12)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 6th day of April, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**